IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALKER, | Civil No. 3:21-cv-2167 |
| Plaintiff | (Judge Mariani) |
| v. | |
| CHCA MERRITT-SCULLY, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Gary Walker ("Walker"), an inmate housed the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), commenced this civil rights action on November 10, 2021, in the Court of Common Pleas of Northumberland County, Pennsylvania. (Doc. 1-1). The action was subsequently removed to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Named as Defendants are Correctional Healthcare Administrator Merritt-Scully, Physician Assistant Brian Davis, and Diamond Pharmacy. Presently pending before the Court is a Rule 12(b) motion to dismiss filed by Defendant Merritt-Scully. (Doc. 8). For the reasons set forth below, the Court will grant the motion.

I. **Allegations of the Complaint**[1]

Walker alleges that he was prescribed the medication Pamelor to treat his arthritis. (Doc. 1-1, p. 3 ¶ 8). After taking the medication, Walker developed stomach pains, severe headaches, blurred vision, and depression. (*Id.* at p. 3 ¶ 7). He alleges that he was prescribed Pamelor without being informed about the potential side effects of the medication. (*Id.* at p. 3 ¶ 8). Walker then researched the medication and discovered that it is an antidepressant and is sometimes used to treat pain. (*Id.*). He contends that the Department of Corrections ("DOC") has a policy, pertaining to the administration of psychotropic medications, that requires psychiatrists to obtain electronic consent from the inmate, and confirmation that the inmate was advised of the medication's side effects, prior to initiating psychiatric treatment. (*Id.* at p. 4 ¶ 10).

Walker asserts that Defendant Merritt-Scully is the Correctional Healthcare Administrator and has "supervisory liability" over Physician Assistant Brian Davis "to ensure that policy is adhered to." (*Id.* at p. 4 ¶ 13). Walker also asserts that Defendant Merritt-Scully "had a chance to review [his] claims" when he filed a grievance related to the claims. (*Id.*). Upon review of the grievance, Defendant Merritt-Scully allegedly advised Walker that "the records showed that P.A. Davis noted that he had given the Plaintiff knowledge to the side-effects of the medication." (*Id.*). Walker contends that Physician Assistant Davis did not advise him of the side effects. (*Id.*).

---

[1] The Court only includes the allegations relevant to Defendant Merritt-Scully.

## II. Legal Standard

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not

3

entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

Id.

## III. Discussion

Defendant Merritt-Scully seeks dismissal of all claims against her based on a lack of personal involvement. (Doc. 9).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. A plaintiff must establish the particulars of conduct, time, place, and the person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of, or personal involvement in, the deprivation of his or her rights, individual liability will not follow.

*Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207.

It appears that Walker seeks to hold Merritt-Scully, Correctional Healthcare Administrator, liable based upon her supervisory position. In a conclusory fashion, Walker states that Defendant Merritt-Scully has "supervisory liability over the P.A. Davis, to ensure that policy is adhered to." (Doc. 1-1, p. 4 ¶ 13). Supervisors, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. With respect to Defendant Merritt-Scully's supervisory role as Correctional Healthcare Administrator, "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted). Walker fails to set forth such allegations, and liability cannot be imposed on Defendant Merritt-Scully based on her position and duties as a supervisor.

It also appears that Walker seeks to hold Defendant Merritt-Scully liable based upon her response to his grievance. (Doc. 1-1, p. 4 ¶ 13). However, the "failure of a prison

6

official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Thus, insofar as Walker's claims against Defendant Merritt-Scully are premised on her response to his grievance, dissatisfaction with a response to an inmate's grievance does not support a constitutional claim. *See Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to an inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); *Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for liability).

Based on the above, Defendant Merritt Scully's motion to dismiss will be granted based on a lack of personal involvement.

## IV.  Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules

allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The claims against Defendant Merritt-Scully are factually and legally flawed; thus, the Court concludes that granting leave to amend would be futile.

## V.   Conclusion

For the reasons set forth above, the Court will grant Defendant's motion (Doc. 8) to dismiss. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 12, 2022