IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WALKER, | : | Civil No. 3:21-cv-2167 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| CHCA MERRITT-SCULLY, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Gary Walker ("Walker"), an inmate housed at the State Correctional

Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), commenced this civil rights

action on November 10, 2021, in the Court of Common Pleas of Northumberland County,

Pennsylvania. (Doc. 1-1). The action was subsequently removed to the United States

District Court for the Middle District of Pennsylvania. (Doc. 1). Named as Defendants are

Correctional Healthcare Administrator Merritt-Scully, Physician Assistant Brian Davis, and

Diamond Pharmacy. Presently pending before the Court is a Rule 12(b) motion to dismiss

filed by Defendant Davis. (Doc. 12). For the reasons set forth below, the Court will grant

the motion.

I.   **Allegations of the Complaint[1]**

Walker alleges that he was prescribed the medication Pamelor to treat his arthritis. (Doc. 1-1, p. 3 ¶ 8).  After taking the medication, Walker developed stomach pains, severe headaches, blurred vision, and depression.  (*Id.* at p. 3 ¶ 7).  He alleges that he was prescribed Pamelor without being informed about the potential side effects of the medication.  (*Id.* at p. 3 ¶ 8).  Walker then researched the medication and discovered that it is an antidepressant and is occasionally used to treat pain.  (*Id.*).  He contends that the Department of Corrections ("DOC") has a policy, pertaining to the administration of psychotropic medications, that requires psychiatrists to obtain electronic consent from the inmate, and confirmation that the inmate was advised of the medication's side effects, prior to initiating psychiatric treatment.  (*Id.* at p. 4 ¶ 10).

Walker asserts that, when exhausting his administrative remedies, he was advised by the Correctional Health Care Administrator that "the records showed that P.A. Davis noted that he had given the Plaintiff knowledge to the side-effects of the medication."  (*Id.* at p. 4 ¶ 13).  Walker maintains that Defendant Davis never informed him of the potential side effects of the medication.  (*Id.*).

II.   **Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

---

[1]   The Court only includes the allegations relevant to Defendant Davis.

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The

plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'"  *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly,* 550 U.S. at 555).  In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements."  *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.   Discussion

Defendant Davis argues that the complaint must be dismissed on the following grounds: (1) Walker failed to state an Eighth Amendment deliberate indifference claim; (2) Walker failed to state a Fourteenth Amendment due process claim; (3) Pennsylvania courts do not recognize a cause of action for monetary damages for alleged violations under the Pennsylvania Constitution; and (4) Walker failed to file a certificate of merit for his medical negligence claim. (Doc. 13). The Court will address each argument in turn.

A.      **Eighth Amendment Deliberate Indifference Claim**

Walker alleges that Defendant Davis was deliberately indifferent to his serious

medical need, in violation of the Eighth Amendment, for prescribing Pamelor for his arthritis

and failing to disclose the potential side effects of the medication.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on

prisoners. *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000).  In the context of medical

care, the Eighth Amendment "requires prison officials to provide basic medical treatment to

those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  To

establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate

must allege acts or omissions by prison officials that were sufficiently harmful to establish

deliberate indifference to a serious medical need.  *See Spruill v. Gillis*, 372 F.3d 218, 235

(3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  The

relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to

the plaintiff's objectively serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 834, 837

(1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis

requires that the defendant actually know of and disregard "an excessive risk to inmate

health or safety." *Farmer*, 511 U.S. at 837.  Circumstantial evidence can establish

subjective knowledge on the part of the defendant if it shows that the excessive risk was so

obvious that the official must have known about it.  *See Beers-Capitol v. Whetzel*, 256 F.3d

5

120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842).  The Third Circuit has found

deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical

treatment but intentionally refuses to provide it; (2) delays necessary medical treatment

based on a non-medical reason; or (3) prevents a prisoner from receiving needed or

recommended medical treatment."  *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical

needs were serious.  A serious medical need is "one that has been diagnosed by a

physician as requiring treatment or one that is so obvious that a lay person would easily

recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Inst. Inmates v.*

*Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  Not every condition is a serious medical need;

instead, the serious medical need element contemplates a condition of urgency, namely,

one that may produce death, degeneration, or extreme pain.  *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere

medical malpractice cannot result in an Eighth Amendment violation.  *White v. Napoleon*,

897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical

malpractice does not become a constitutional violation merely because the victim is a

prisoner.").  The Supreme Court has held that negligence or inadvertence alone do not rise

to the level of a constitutional violation.  *Whitley v. Albers*, 475 U.S. 312 (1986).

Prison medical authorities are given considerable latitude in the diagnosis and

treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008),

6

and a doctor's disagreement with the professional judgment of another doctor is not

actionable under the Eighth Amendment.  *See White*, 897 F.2d at 108-10.  Furthermore, it is

well-settled that an inmate's dissatisfaction with a course of medical treatment, standing

alone, does not give rise to a viable Eighth Amendment claim.  *See Brown v. Borough of*

*Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises

professional judgment his behavior will not violate a prisoner's constitutional rights.");

*Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is

provided, we presume that the treatment of a prisoner is proper absent evidence that it

violates professional standards of care.").

Here, Walker fails to demonstrate that Defendant Davis was deliberately indifferent

to his serious medical need.  Walker acknowledges that Defendant Davis treated him for his

arthritis and prescribed medication.  Although Walker apparently disagrees with Defendant

Davis' choice of medication, mere disagreement over treatment does not amount to

deliberate indifference.  *See Lanzaro*, 834 F.2d at 346 ("[M]ere disagreement as to the

proper medical treatment" does not support a claim of an Eighth Amendment violation).

Moreover, there is no indication that Defendant Davis' actions were based on an ulterior

motive beyond providing routine patient care.  *See Spruill*, 372 F.3d at 237 (noting that in

order to state a deliberate indifference claim, a plaintiff should in some way "connect[ ] his

factual allegations to the alleged mental states" of the defendants).

Walker also alleges that Defendant Davis exhibited deliberate indifference by failing to inform him of the potential side effects of Pamelor.  This allegation also does not rise to the level of deliberate indifference.  In *Bryant v. Kaskie*, the Third Circuit found that a medical professional's failure to inform a plaintiff of the potential side effects of a medication is "insufficient to demonstrate deliberate indifference."  *Bryant*, 744 F. App'x 39, 42 (3d Cir. 2018).  The Third Circuit held that such a claim amounted to "simple negligence" and could not "support an Eighth Amendment claim."  *Id.*  Accordingly, Walker's allegation that Defendant Davis failed to warn him about the potential side effects of Pamelor demonstrates, at best, negligence, and he has not established that Defendant Davis was deliberately indifferent to his serious medical need.  *See id.*; *see also Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020).  The Court will dismiss Walker's Eighth Amendment inadequate medical care claim for failure to state a claim upon which relief may be granted.

### B.   Fourteenth Amendment Due Process Claim

Walker next sets forth a Fourteenth Amendment lack of consent claim.  He argues that Defendant Davis violated his Fourteenth Amendment rights by failing to inform him of the potential side effects of Pamelor.  (Doc. 1-1, p. 3 ¶ 9).

"[C]onvicted prisoners … retain a limited right to refuse treatment and a related right to be informed of the proposed treatment and viable alternatives."  *White*, 897 F.2d at 113. "Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the

viable alternative treatments that can be made available in a prison setting." *Id.* To establish a violation of a prisoner's right to informed consent, the prisoner must show that "'(1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment.'" *Boyd v. Bergen Cnty. Jail*, No. 07-769, 2012 WL 3821890, at *7 (D.N.J. Sept. 4, 2012), *aff'd sub nom. Boyd v. Russo*, 536 F. App'x 203 (3d Cir. 2013) (quoting *Mudey v. United States*, No. 09-1669, 2011 WL 1884796, at *4 (D.N.J. May 18, 2011)).

Walker fails to demonstrate the third element required to state a Fourteenth Amendment claim—deliberate indifference towards his right to refuse treatment. There is no indication in the complaint that Defendant Davis intentionally hid any information about Pamelor's side effects from Walker. Absent any allegations demonstrating that Defendant Davis was deliberately indifferent towards Walker's right to refuse medical treatment, Defendant Davis' alleged failure to inform Walker of the potential side effects of Pamelor amounts to, at most, medical malpractice or negligence. *See Bryant*, 744 F. App'x at 42. Therefore, the Court will dismiss Walker's informed consent claim for failure to state a claim upon which relief may be granted.

Additionally, to the extent Walker may be alleging that Defendant Davis violated an internal DOC policy, this allegation does not rise to the level of a constitutional violation. It

9

is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension"). Because a violation of prison policy is not equivalent to a constitutional violation, this claim will be dismissed.

### C.    Claim for Monetary Damages under the Pennsylvania Constitution

Walker seeks damages based on an alleged violation of the Pennsylvania Constitution. As the Third Circuit has recognized, however, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mtn. Charter Sch. v. Pocono Mtn. Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) (nonprecedential). Accordingly, the Court will dismiss Walker's claim pursuant to the Pennsylvania Constitution.

### D.    Medical Negligence Claim

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in

injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. *Mitchell v. Shikora*, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. PA. R. CIV. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. The requirements of Rule 1042.3

are substantive in nature and, therefore, federal courts in Pennsylvania must apply these

prerequisites of Pennsylvania law when assessing the merits of a medical malpractice

claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011);

*Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This requirement

applies with equal force to counseled complaints and to *pro se* medical malpractice actions

brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir.

2010) (affirming district court's dismissal of medical negligence claim for failure to file a

certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a

physician encompasses matters not within the ordinary knowledge and experience of

laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the

applicable standard of care, the deviation from that standard, causation and the extent of

the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter

is so simple or the lack of skill or care is so obvious as to be within the range of experience

and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d

52, 54 n.1 (Pa. 1997).

Defendant Davis seeks to dismiss Walker's medical malpractice claim based on his

failure to comply with Pennsylvania's certificate of merit requirements. Counsel for

Defendant Davis provided Walker with a Notice of Intent to Dismiss Pursuant to Rule

1042.6. (*See* Doc. 13, p. 13). Walker filed a purported certificate of merit on March 26,

2022. (Doc. 16, p. 7). Walker's certificate of merit fails to comply with the requirements of Pennsylvania Rule 1042.3 in that it does not attest that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that any claim that the Defendants deviated from an acceptable, professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard. PA. R. CIV. P. 1042.3(a)(1), (2). Walker does attest that expert testimony is unnecessary for prosecution of his claim against Defendant Davis. PA. R. CIV. P. 1042.3(a)(3). However, given the nature of Walker's claims, he must present expert testimony to establish Defendant Davis' negligence in providing medical care. Walker's claims appear to concern complex issues relating to the standard of care and causation, which he simply cannot establish without expert testimony. *See Toogood*, 824 A.2d at 1151. This is not a case where a licensed medical professional's deviation from the standard of care and that deviation's causation of injury are obvious and within the realm of a layperson. *See, e.g., Hakeem v. Salaam*, 260 F. App'x 432, 435 (3d Cir. 2008) ("Absent expert opinion that the [defendant's] treatment deviated from acceptable medical standards, a reasonable fact-finder could not conclude that the [defendant] acted negligently."). Defendant Davis' motion to dismiss the medical malpractice claim will be granted. *See, e.g., Booker v. United States*, 366 F. App'x 425, 427 (3d Cir. 2010) (the usual consequence

for failing to file a certificate of merit that complies with Rule 1042.3 is dismissal of the claim without prejudice).

## IV.   **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The claims against Defendant Davis are factually and legally flawed; thus, the Court concludes that granting leave to amend would be futile.

V.    **Conclusion**

For the reasons set forth above, the Court will grant Defendant Davis' motion (Doc. 12) to dismiss.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December _____, 2022