IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALKER, | : Civil No. 3:21-cv-2167 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| CHCA MERRITT-SCULLY, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff Gary Walker ("Walker"), an inmate housed at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), commenced this civil rights action on November 10, 2021, in the Court of Common Pleas of Northumberland County, Pennsylvania. (Doc. 1-1). The action was subsequently removed to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Named as Defendants are Correctional Healthcare Administrator Merritt-Scully, Physician Assistant Brian Davis, and Diamond Pharmacy. Before the Court is a Rule 12(b) motion to dismiss filed by Defendant Diamond Pharmacy. (Doc. 14). For the reasons set forth below, the motion will be granted in part and denied in part.

**I.   Allegations of the Complaint**

Walker alleges that he was prescribed the medication Pamelor to treat his arthritis. (Doc. 1-1, p. 3 ¶ 8). After taking the medication, Walker developed stomach pains, severe headaches, blurred vision, and depression. (*Id.* at p. 3 ¶ 7). He alleges that he was

prescribed Pamelor without being informed about the potential side effects of the medication. (*Id.* at p. 3 ¶ 8). Walker then researched the medication and discovered that it is an antidepressant and is occasionally used to treat pain. (*Id.*). He contends that the Department of Corrections ("DOC") has a policy, pertaining to the administration of psychotropic medications, that requires psychiatrists to obtain electronic consent from the inmate, and confirmation that the inmate was advised of the medication's side effects, prior to initiating psychiatric treatment. (*Id.* at p. 4 ¶ 10).

Walker asserts that, when exhausting his administrative remedies, he was advised by the Correctional Health Care Administrator that "the records showed that P.A. Davis noted that he had given the Plaintiff knowledge to the side-effects of the medication." (*Id.* at p. 4 ¶ 13). Walker maintains that Defendant Davis never informed him of the potential side effects of the medication. (*Id.*). He alleges that Diamond Pharmacy denied inmates the opportunity to examine medication labels containing precautions related to the medication. (*Id.* at p. 4 ¶ 12).

## II. <u>Legal Standard</u>

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Eighth Amendment Deliberate Indifference Claim

Walker alleges that Defendants were deliberately indifferent to his serious medical need, in violation of the Eighth Amendment, for prescribing Pamelor for his arthritis and failing to disclose the potential side effects of the medication. (Doc. 1-1, p. 5 ¶ 18). With respect to Defendant Diamond Pharmacy, Walker alleges as follows:

> Diamond Pharmacy, has violated the rights of the patient/Plaintiff by and throught U.S. Const. and the Food and Drug Administration, by refusing to give inmates the opportunity to examine the lables and/or any precaustions pertaining to medications it gives to its customers, which violates the rules of the FDA on product discriptions and warning lables of possible side effects and other percaustions intented for informed consent to its comsumers and contractors alike.

(Doc. 1-1, p. 4 ¶ 12) (sic).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000). In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment

5

based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312 (1986).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10. Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing

6

alone, does not give rise to a viable Eighth Amendment claim. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

Here, Walker fails to demonstrate that Defendant Diamond Pharmacy was deliberately indifferent to his serious medical need. Walker alleges that Defendant Diamond Pharmacy exhibited deliberate indifference by failing to inform him of the potential side effects of Pamelor and denying him the opportunity to examine the label containing precautions related to the medicine. This type of claim generally sounds in negligence and does not rise to the level of deliberate indifference. *See e.g., Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (stating that "[defendant's] alleged failure to inform [plaintiff] of the potential side effects of [a medication] is insufficient to demonstrate deliberate indifference. Even if this allegation could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim"); *Jetter v. Beard*, 130 F. App'x. 523, 526, (3d Cir. 2005) (affirming district court's dismissal of deliberate indifference claim and agreeing "with the District Court that [defendant's] alleged failure to inform [plaintiff] of the side effects of [a medication] amounts to nothing more than negligence"). Not warning someone about potential side effects of medication is not akin to intentionally refusing to provide care or

inflicting pain. Therefore, the Court will dismiss Walker's Eighth Amendment inadequate medical care claim for failure to state a claim upon which relief may be granted.

### B. Medical Negligence Claim

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. *Mitchell v. Shikora*, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. PA. R. CIV. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional

standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience

and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).

Defendant Diamond Pharmacy seeks to dismiss Walker's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements. There is no indication that counsel for Defendant Diamond Pharmacy mailed Walker a Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Civil Procedure 1042.7. Because Defendant Diamond Pharmacy failed to attach proof that a Notice of Intent to Dismiss for failure to file a certificate of merit was served upon Walker, the Court must deny the motion on this ground.[1] *See Schmigel v. Uchal*, 800 F.3d 113, 123 (3d Cir. 2015) (holding that "the condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the COM regime is substantive and must be applied in federal court").

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant

---

[1] Pennsylvania Rule of Civil Procedure 1042.6(b) provides that a judgment of non pros for failure to file a certificate of merit may be entered without notice if "(1) the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time, or (2) the court has denied the motion to extend the time." PA. R. CIV. P. 1042.6(b). Neither circumstance applies here.

10

leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The claims against Defendant Diamond Pharmacy are factually and legally flawed; thus, the Court concludes that granting leave to amend would be futile.

## V.  Conclusion

For the reasons set forth above, the motion (Doc. 14) to dismiss by Diamond Pharmacy will be granted in part and denied in part. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: December ___, 2022