IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALKER, | : Civil No. 3:21-cv-2167 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| CHCA MERRITT-SCULLY, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Plaintiff Gary Walker ("Walker"), an inmate housed at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), commenced this civil rights action on November 10, 2021, in the Court of Common Pleas of Northumberland County, Pennsylvania. (Doc. 1-1). The action was subsequently removed to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). The sole remaining claim is a medical malpractice claim against Defendant Diamond Pharmacy. Diamond Pharmacy moves to dismiss the complaint based on Walker's failure to file a certificate of merit ("COM") that complies with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. (Doc. 29). For the reasons set forth below, the Court will grant the motion.

I. **Allegations of the Complaint**

Walker alleges that he was prescribed the medication Pamelor to treat his arthritis. (Doc. 1-1, p. 3 ¶ 8). After taking the medication, Walker developed stomach pains, severe headaches, blurred vision, and depression. (*Id.* at p. 3 ¶ 7). He alleges that he was

prescribed Pamelor without being informed about the potential side effects of the medication. (*Id.* at p. 3 ¶ 8). Walker then researched the medication and discovered that it is an antidepressant and is occasionally used to treat pain. (*Id.*). He contends that the Department of Corrections ("DOC") has a policy, pertaining to the administration of psychotropic medications, that requires psychiatrists to obtain electronic consent from the inmate, and confirmation that the inmate was advised of the medication's side effects, prior to initiating psychiatric treatment. (*Id.* at p. 4 ¶ 10).

Walker asserts that, when exhausting his administrative remedies, he was advised by the Correctional Health Care Administrator that "the records showed that P.A. Davis noted that he had given the Plaintiff knowledge to the side-effects of the medication." (*Id.* at p. 4 ¶ 13). Walker maintains that Defendant Davis never informed him of the potential side effects of the medication. (*Id.*). He alleges that Diamond Pharmacy denied inmates the opportunity to examine medication labels containing precautions related to the medication. (*Id.* at p. 4 ¶ 12).

II. **Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the

3

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. *Mitchell v. Shikora*, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins.*

Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. PA. R. CIV. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).

Defendant Diamond Pharmacy seeks to dismiss Walker's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements. Counsel for Defendant Diamond Pharmacy provided Walker with a Notice of Intent to Dismiss Pursuant to Rule 1042.6. (Doc. 26). Walker filed a purported certificate of merit on March 26, 2022. (Doc. 27). Walker's certificate of merit fails to comply with the requirements of Pennsylvania Rule 1042.3 in that it does not attest that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that any claim that the Defendants deviated from an acceptable, professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard. PA. R. CIV. P. 1042.3(a)(1), (2). Walker does attest that expert testimony is unnecessary for prosecution of his claim against Defendant

Diamond Pharmacy. PA. R. CIV. P. 1042.3(a)(3). However, given the nature of Walker's claims, he must present expert testimony to establish Defendant Diamond Pharmacy's negligence. Walker's claims appear to concern complex issues relating to the standard of care and causation, which he simply cannot establish without expert testimony. *See Toogood*, 824 A.2d at 1151. This is not a case where a licensed medical professional's deviation from the standard of care and that deviation's causation of injury are obvious and within the realm of a layperson. *See, e.g., Hakeem v. Salaam*, 260 F. App'x 432, 435 (3d Cir. 2008) ("Absent expert opinion that the [defendant's] treatment deviated from acceptable medical standards, a reasonable fact-finder could not conclude that the [defendant] acted negligently."). Defendant Diamond Pharmacy's motion to dismiss the medical malpractice claim will be granted. *See, e.g., Booker v. United States*, 366 F. App'x 425, 427 (3d Cir. 2010) (the usual consequence for failing to file a certificate of merit that complies with Rule 1042.3 is dismissal of the claim without prejudice).

## IV.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because the exceptions to filing a certificate of merit under Pennsylvania law do not apply to Walker's claim, his medical malpractice claim fails as a matter of law. Therefore, the Court concludes that granting leave to amend would be futile.

7

## V. Conclusion

For the reasons set forth above, the motion (Doc. 29) to dismiss by Diamond Pharmacy will be granted. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 8, 2023